UNITED STATES DISTRICT COURT
DISTRICT OF NEW MEXICO

HISPANIC FARMERS AND
RANCHERS OF AMERICA INC.,

      Plaintiff,

v.                                                          Civ. No. 11-463 MV/WPL

DE BRUYN PRODUCE CO.
and MARGARET DE BRYUN,

      Defendants.

## MEMORANDUM OPINION AND ORDER

**THIS MATTER** comes before the Court on Defendant Margret DeBruyn's Motion to Dismiss [Doc. 12]. The Court, having considered the motion, briefs, relevant law and being otherwise fully informed, finds that the Motion is well-taken and will be GRANTED.

## BACKGROUND

On October 29, 2009, Hispanic Farmers and Ranchers of America Inc. ("HFRA") and DeBruyn Produce Co. entered into an "Agreement of payment for Import & Processing Onions through US Port of Entry" (the "Agreement"). Doc. 1, Ex. 1 at 9. Pursuant to the Agreement, DeBruyn Produce agreed to assist the HFRA with the "marketing and Sale of Fresh Onions for the 2009/2010 growing season." *Id.* Defendant Margret DeBruyn ("Ms. DeBruyn") signed the Agreement as representative of DeBruyn Produce. *Id.*

On June 1, 2011, HFRA filed a one-count Complaint alleging violations of the Perishable Agricultural Commodities Act ("PACA"). Doc. 1. The Complaint names as Defendants both DeBruyn Produce and Ms. DeBruyn, "an officer, director and/or employee" of DeBruyn Produce. *Id.* ¶ 4. Further, the Complaint alleges that both DeBruyn Produce and Ms. DeBruyn,

individually, are "commission merchants," "dealers" and/or "brokers", as defined in 7 U.S.C. Section 499a of PACA. *Id.* ¶ 3. According to the Complaint, Defendants violated 7 U.S.C. Section 499b(4) of PACA by improperly taking adjustments from proceeds due HFRA under the Agreement, failing to make prompt payments of amounts due as required by the Agreement, failing to properly account for individual shipments as required by the Agreement, and failing to obtain current market prices for the produce, or to make payment and remit proceeds to HFRA received for the product. *Id.* ¶¶ 11-12.

On September 21, 2011, pursuant to Rule 12(b)(6) of the Federal Rules of Civil Procedure, Ms. DeBruyn filed the instant motion to dismiss the Complaint, arguing that HFRA has failed to state a PACA claim against her. Plaintiff filed a response in opposition on October 31, 2011. Ms. DeBruyn's reply followed on November 14, 2011.

## **LEGAL STANDARD ON RULE 12(B)(6) MOTION TO DISMISS**

Under Rule 8(a)(2), a complaint must contain a "short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a)(2). In *Ashcroft v. Iqbal*, the Supreme Court articulated the pleading standard of Rule 8 as follows:

> To survive a motion to dismiss, a complaint must contain sufficient factual matter, accepted as true, to state a claim to relief that is plausible on its face. A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged. The plausibility standard is not akin to a probability requirement, but it asks for more than a sheer possibility that a defendant has acted unlawfully. Where a complaint pleads facts that are merely consistent with a defendant's liability, it stops short of the line between possibility and plausibility of entitlement to relief.

129 S. Ct. 1937, 1949 (citations omitted).

Although this standard does not require "detailed factual allegations," it "demands more

than an unadorned, the-defendant-unlawfully-harmed-me accusation." *Id*. Accordingly, a complaint "that offers 'labels and conclusions' or 'a formulaic recitation of the elements of a case of action will not do.'" *Id.* (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007)). In other words, "[t]hreadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." *Iqbal*, 129 S. Ct. at 1949. Nor does a complaint suffice if it "tenders 'naked assertion[s]' devoid of 'further factual enhancement.'" *Id.* (quoting *Twombly*, 550 U.S. at 557). Thus, while the Court must take all of the factual allegations in the complaint as true, "a plaintiff armed with nothing more than conclusions" cannot survive a motion to dismiss. *Iqbal*, 129 S. Ct. at 1950.

## DISCUSSION

Plaintiff alleges that Ms. DeBruyn, in her individual capacity, violated Section 499b(4) of PACA. That provision makes it unlawful for:

> any commission merchant, dealer, or broker to make, for a fraudulent purpose, any false or misleading statement in connection with any transaction involving any perishable agricultural commodity . . .; or to fail or refuse truly and correctly to account and make full payment promptly in respect of any transaction in any such commodity to the person with whom such transaction is had; or to fail, without reasonable cause, to perform any specification or duty . . . arising out of any undertaking in connection with any such transaction; or to fail to maintain the trust as required under section 499e(c) of this title.

7 U.S.C. § 499b(4). Under this provision, only a commission merchant, dealer or broker may be held liable for violations of Section 499b(4). A commission merchant is defined as "any person engaged in the business of receiving in interstate or foreign commerce any perishable agricultural commodity for sale, on commission, or for or on behalf of another." 7 U.S.C. § 499a(b)(5). A "dealer" is defined as "any person engaged in the business of buying or selling in wholesale or jobbing quantities . . . any perishable agricultural commodity in interstate or foreign commerce,"

3

with certain exceptions. 7 U.S.C. § 499a(b)(6). A broker is defined as "any person engaged in the business of negotiating sales and purchases of any perishable agricultural commodity in interstate or foreign commerce for or on behalf of the vendor or the purchaser," with certain exceptions. 7 U.S.C. § 499a(b)(7).

Here, the Complaint alleges that Ms. DeBruyn is a commission merchant, dealer, and/or broker under PACA. Plaintiff, however, provides no factual basis for this legal conclusion. The Complaint is devoid of any allegations that Ms. DeBruyn was engaged, individually, in the business of receiving, buying or selling, or negotiating sales and purchases of perishable agricultural commodities. Under *Iqbal*, Plaintiff's naked assertion that Ms. DeBruyn is a person covered by PACA, without any further factual enhancement, is insufficient to state a claim against her that is plausible on its face.

In response to Ms. Bruyn's motion to dismiss, Plaintiff argues that Ms. DeBruyn's liability is based on the fact that she personally handled the transactions governed by the Agreement between HFRA and DeBruyn Produce. Ms. DeBruyn's role in the transactions between HFRA and DeBruyn Produce, however, is insufficient to subject her to PACA liability under the facts as alleged here. Specifically, the Complaint alleges that Ms. DeBruyn is an officer, director, and/or employee of De Bruyn Produce; Ms. DeBruyn has confirmed that she is President of DeBruyn Produce. The Agreement itself, which Plaintiff made an exhibit to the Complaint, demonstrates that Ms. DeBruyn was not a party to the Agreement, but rather executed it on behalf of DeBruyn Produce as its representative.

Under PACA, a corporate officer, such as Ms. DeBruyn, is subject to individual liability only under the trust provisions set forth in Section 499e(c). That Section states that perishable agricultural commodities received by a commission merchant, dealer or broker shall be held in

4

trust for the benefit of all unpaid suppliers or sellers of such commodities, until full payment of the sums owing in connection with such transactions has been received.   7 U.S.C. § 499e(c)(2).   Courts interpreting the PACA trust provisions have concluded that "PACA liability attaches first to the licensed seller of perishable agricultural commodities.   If the seller's assets are insufficient to satisfy the liability, others may be found secondarily liable if they had some role in causing the corporate trustee to commit the breach of trust."   *Sunkist Growers, Inc. v. Fisher*, 104 F.3d 280, 283 (9th Cir. 1997).   Under this theory of liability, courts in several circuits have held that "individual shareholders, officers, or directors of a corporation who are in a position to control PACA trust assets, and who breach their fiduciary duty to preserve those assets, may be held personally liable under the Act."   *Id.*; *see also Golman-Hayden Co, Inc. v. Fresh Source Produce Inc.*, 217 F.3d 348, 351 (5th Cir. 2000) (same); *Weis-Buy Servs., Inc. v. Paglia*, 411 F.3d 415, 421 (3d Cir. 2005) (same).   Accordingly, where sellers have alleged violations of the PACA trust provision, and have properly preserved their statutory trust rights, courts have allowed claims of PACA trust violations to proceed against individual corporate employees.   *See Six L's Packing Co., Inc. v. Goodnight Int'l, Inc.*, No. 8:05-CIV-2098, 2007 WL 781743 (M.D. Fla. Mar. 13, 2007).

    Here, Plaintiff has not alleged that it is the proper beneficiary of a PACA statutory trust, that DeBruyn Produce has violated any PACA trust provision, or that Ms. DeBruyn breached her fiduciary duty to preserve any trust assets held for the benefit of HFRA.   In the absence of such allegations, the Complaint fails to state a claim for relief under the PACA trust provisions that is plausible on its face.   In turn, in the absence of such a claim, the Complaint lacks any factual content to allow this Court to draw the reasonable inference that Ms. DeBruyn is liable for the conduct alleged.

## CONCLUSION

Plaintiff has failed to state a claim under PACA against Ms. DeBruyn. Accordingly, the Complaint must be dismissed as against her.

**IT IS THEREFORE ORDERED** that Defendant Margret DeBruyn's Motion to Dismiss [Doc. 12] is **GRANTED**.

DATED this 20th day of September, 2012.

_____
MARTHA VÁZQUEZ
United States District Court Judge