IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF NEW MEXICO

HISPANIC FARMERS AND RANCHERS
OF AMERICA, INC.,

       **Plaintiff,**

v.               No. CIV-11-0463 LAM/SMV

DE BRUYN PRODUCE, et al.,

       **Defendants.**

## ORDER OF DISMISSAL

**THIS MATTER** is before the Court on *Defendant's Motion for Involuntary Dismissal (Doc. 75)*, filed by Defendant De Bruyn Produce on October 25, 2016.[1] In its motion, Defendant states that "[t]here are no remaining assets of De Bruyn Produce and the company is no longer in business" (*Doc. 75* at 3), that counsel for Plaintiff notified the Court in September 2015 that a successor to Plaintiff's deceased President and CEO had not been named, and that Defendant has not received any further communications from Plaintiff's counsel regarding Plaintiff's intentions or a successor (*id.* at 4). Defendant, therefore, asks the Court to dismiss this case pursuant to Fed. R. Civ. P. 41(b). *Id.* at 5.

Plaintiff failed to respond to the motion, and, on November 21, 2016, the Court entered an *Order to Show Cause (Doc. 76)* ordering Plaintiff to show cause why this case should not be dismissed. On November 23, 2016, Plaintiff's counsel filed a response to the Motion to Dismiss and Order to Show Cause, stating that Plaintiff's President is deceased and that "[s]ince the time of

---

[1] On September 20, 2012, Defendant Margaret DeBruyn was terminated as a party (*see Doc. 33*), leaving De Bruyn Produce as the sole remaining defendant in this case.

his death, counsel has not been able to determine who[,] if anyone[,] is acting on behalf of the corporation in order to receive direction on how to proceed." [*Doc. 77* at 1]. Plaintiff's counsel further states that he "has no reason to believe based upon the filings of the defendant that the defendant has any assets which could respond to a judgment if Plaintiff were to prevail," but "counsel does not believe he can voluntarily agree to dismissal without consulting someone who can act for the Plaintiff." *Id.* at 2. Plaintiff's counsel asks the Court to "grant such relief as the Court deems just and proper," and "[i]f that relief is dismissal, then Plaintiff would respectfully request that the dismissal be without prejudice." *Id.* Defendant has not filed a reply to its Motion to Dismiss and the time for doing so has passed.

Having considered Defendant's motion, Plaintiff's response to the Court's order to show cause, the record of this case, and relevant law, the Court **FINDS** that Defendant's motion is well-taken and shall be **GRANTED**. As stated in the Court's Order to Show Cause, prior to responding to the Court's Order to Show Cause, Plaintiff's last filing in this case was on September 28, 2015 [*Doc. 67*], and Plaintiff failed to respond to Defendant's motion to dismiss. The Court, therefore, finds that Plaintiff has shown a lack of interest in litigating its claims, which subjects Plaintiff to dismissal of this action for lack of prosecution. *See Link v. Wabash R.R. Co.,* 370 U.S. 626, 630-31 (1962) ("The authority of a court to dismiss sua sponte for lack of prosecution has generally been considered an 'inherent power,' governed not by rule or statute but by the control necessarily vested in courts to manage their own affairs so as to achieve the orderly and expeditious disposition of cases.") (footnote and citations omitted); *Olsen v. Mapes*, 333 F.3d 1199, 1204, n.3 (10th Cir. 2003) (same); and *Martinez v. Internal Revenue Service,* 744 F.2d 71, 73 (10th Cir. 1984) ("Courts have the inherent power to impose a variety of sanctions

on both litigants and attorneys in order to regulate their docket, promote judicial efficiency, and deter frivolous filings.") (citations omitted).  The Court will grant Defendant's motion and will dismiss this case without prejudice.

**IT IS THEREFORE ORDERED THAT** *Defendant's Motion for Involuntary Dismissal (Doc. 75)* is **GRANTED** and this case is hereby **DISMISSED without prejudice**.

**IT IS SO ORDERED.**

_____
**LOURDES A. MARTÍNEZ**
**UNITED STATES MAGISTRATE JUDGE**
**Presiding by Consent**